UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Claim No.: 03-61717
Civil Action No.:

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CIV - SEITZ |
| John B. Simmons, Jr., | § | |

**COMPLAINT**    MAGISTRATE BANDSTRA

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Broward County, Florida within the jurisdiction of this Court and may be served with service of process at 4120 W. Silverado Circle, Davie, FL 33024.

### The Debt

3. The debt owed the USA is as follows:

    A. Current Principal *(after application of all prior payments, credits, and offsets)*     $3,235.00

    B. Current Capitalized Interest Balance and Accrued Interest as of September 3, 2003     $1,509.18



| | |
|---|---|
| C. Administrative Fee, Costs, Penalties | $.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $.00 |
| E. Attorneys fees | $600.00 |
| **Total Owed** | **$5,344.18** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 5.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

*David E. Newman, P.A.*

Date: 9/4/03    By: *[signature]*
Amy J. Winarsky
Florida Bar Number 900140
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel. 305-665-9633
Facsimile 305-666-9714

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

John B. Simmons Jr.
452 NE 210th Avenue
Miami, FL. 33179

SSN: 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

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 07/21/99.

On or about 01/27/93, 01/27/93, and 05/14/93, the debtor executed promissory note(s) to secure loan(s) of $1,145.00, $1,144.00 and $946.00 from MBC Loan Fund at 5.00 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa et seq. (34 C.F.R Part 674). The institution demanded payment according to the terms of the notes, and the debtor defaulted on the obligation on 03/21/94. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $3,235.00 principal and interest in the amount of $768.23. This principal and interest together with any unpaid late charges totaled $4,003.23. The loan was assigned to the Department on 01/05/99.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $3,235.00 |
| Interest: | $ 842.24 |
| Fees/Costs: | $    0.00 |
| Late charges | $    0.00 |
| Total Debt as of 07/21/99: | $4,077.24 |

Interest accrues on the principal shown here at the rate of $0.44 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8\12\99      Name: _____
                          Title: LOAN ANALYST
                          Branch: LITIGATION BRANCH

Promissory Note----Perkins Loan

Perkins Loan Program:   Perkins Loan

[Any bracketed clause or paragraph may be included at option of institution.]

I, _JOHN B SIMMONS, JR_, promise to pay to _MBC LOAN FUND_ _____(hereinafter called the Institution), located at _120 Ralph McGill Blvd_____, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due.

I further understand and agree that:

I. General

(1) Applicable Law.  All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended (hereinafter called the Act), and are subject to the Act and the Federal Regulations issued under the Act.  The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Institution.

(2) Procedures For Receiving Deferment or Cancellation.  I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation in writing from the Institution, and must submit to the Institution any documentation required by the Institution to prove that I qualify for the deferment or cancellation.  I further understand that if I am eligible for deferment or cancellation under Articles VI through XI, I am responsible for submitting the appropriate requests on time. I further understand that I may lose mu deferment and cancellation benefits if I fail to file my request on time.

II. Interest

Interest shall accrue from the beginning of the repayment period and shall be at the **ANNUAL PERCENTAGE RATE OF FIVE PERCENT**(5%) on the unpaid balance, except that no interest shall accrue during any deferment period described in paragraph VI(1).

III. Repayment

(1) I promise to repay the principal and the interest which accrues on it to the Institution over a period beginning 9 months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education(hereinafter called the Secretary), and ending 10 years later, unless that period is [shortened under paragraph III(5),or] extended under paragraphs III(4) III(7)(extensions),or VI(1)(deferments).

(2) Upon my written request, the repayment period may start on a date earlier than the on indicated in paragraph III(1).

(3) (A)I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly or quarterly installments, as determined by the Institution. I understand that if my installment payment for all the loans made to me by the Institution in not a multiple of $5, the Institution may round that payment to the next highest dollar amount that is a multiple of $5.

(B)Notwithstanding paragraph III(3)(A), upon my written request, repayment may be made in graduated installments in accordance with a schedule approved by the Secretary.

(4) Notwithstanding paragraph III(1),if I qualify as a low-income individual during the repayment period, the Institution, upon my written request, may extend the repayment period for up to an additional 10 years, and may adjust any repayment schedule to reflect my income.

[(5)(A)If the monthly rate that would be established under paragraph III(1), or the total monthly repayment rate of principal and interest on all my Perkins Loans, including this loan, is less then $30.00 per month, I shall repay the principal and interest on this loan at the rate of $30.00 per month (which included both principal and interest).

(5)(B)If I have received Perkins Loans from other institutions and the total monthly repayment rate on those loans is less than $40, the $40 monthly payment established under subparagraph III(5)(A) includes the amounts I owe on all my outstanding Perkins Loans, including those received from other institutions. The portion of the $40 monthly payment that will be applied to this loan will be the difference between $40 and the total of the amount owed at a monthly payment rate on my other Perkins Loans.

(6)The Institution may permit me to pay less than the rate of $40 per month for a period of not more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).]

(7)The Institution may, upon my written request, reduce any scheduled repayments or extend the repayment period indicted in paragraph III(1), if, in its opinion, circumstances such as prolonged illness or unemployment prevent me from making the scheduled payments. However, interest shall continue to accrue.

## IV. Prepayment

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus any accrued interest thereon, at any time.

(2) Amounts I repay in the academic year in which the loan was made and the initial grace period has not ended will be used to reduce the amount of the loan and will not be considered a prepayment.

(3) If I repay amounts during the academic year in which the loan was made and the initial grace period ended, only those amounts in excess of the amount due for any repayment period shall be considered a prepayment.

(4) If, in an academic year other than the award year in which the loan was made, I repay more than the amount due for an installment, the excess will be used to repay principal unless I designate it as an advance payment of the next regular installment.

**V. Default**

(1) The Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges and collection costs if-
   (A) I do not make a scheduled payment when due under the repayment schedule established by the Institution, and
   (B) I do not submit to the Institution, on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VI, VII, VIII, IX, X, or XI of this agreement.
(2) I understand that if I default on my loan, the Institution may disclose that I have defaulted,. along with other relevant information, to credit bureau organizations.
(3) Further, I understand that if I default on my loan and the loan is assigned to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.
(4) I understand that if I default on my loan, I will then lose my right to defer repayments.
(5) I understand that after the Institution accelerates the loan under paragraph V(1), I will then lose my right to receive a cancellation of a portion of my loan for any teaching, volunteer or military service described in Articles VII, VIII, IX and X performed after the date the Institution accelerated the loan.
(6) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid authorized under Title IV of the Higher Education Act of 1965, as amended, until I have made arrangements which are satisfactory to the Institution or the Secretary regarding the repayment of the loan.

**VI. Deferment**

[1] I understand that upon making a properly documented written request to the Institution, I may defer making scheduled installment payments, and will not be liable for any interest that might otherwise accrue, during following periods:
   (A) While I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Secretary.
   (B) For any period not to exceed three (3) years during which I am-
      (i) On full-time active duty as member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard) or the National Oceanic and Atmospheric Administration Corps, or as an officer on full-time active duty in the

Commissioned Corps of the United States Public Health Service,
    (ii) In service as a volunteer under the Peace Corps Act,
    (iii) A volunteer under the Domestic Volunteer Service Act of 1973(ACTION programs),
    (iv) A full-time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act of 1973, or
    (v) Temporarily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by my dependent who is so disabled.
    (C) For a period not in excess of two (2) years--
    (i) After I receive a baccalaureate or professional degree during which time I am serving in an internship which is required in order that I may receive professional recognition required to begin my professional practice or service, or
    (ii) Serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital or a health care facility that offers postgraduate training;
    (D) For a period not in excess of one (1) year during which, if I am a mother of preschool age children, I have entered or reentered the work force, and am being paid at a rate which does not exceed $1.00 above the minimum hourly wage established by section 6 of the Fair Labor Standards Act of 1938;
    (E) For a period not in excess of six (6) months-
    (i) That follows by six month or less a period which I was enrolled as at least a half-time student at an eligible institution; and
    (ii) During which I am pregnant, caring for my newborn baby, or caring for a child immediately after he or she was placed with me through adoption and I am neither attending an eligible institution of higher education nor gainfully employed; and
    (F) During a six (6) month period immediately following the expiration of any deferment provided in paragraph VI(1)(A) through VI(1)(E).
    [2] The Institution may, upon my written request, defer my scheduled repayments if it determines that the deferments necessary to avoid a financial hardship for me. Interest, however, will continue to accrue.

## VII. Cancellation for Teaching

    [1] I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform service--
    (A) As a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year of service for funds under Chapter 1 of the Education Consolidation and Improvement Act of 1981, as amended, and which has been designated by the Secretary (after consultation with each State Department of Education) in accordance with the provisions of

section 465(a)(2) of the Act as a school with a high concentration of students from low-income families. An official Directory of designated low-income schools is published annually by the Secretary.

(B) As full-time teacher of handicapped children (including those who are mentally retarded, hard of hearing, deaf, speech and language impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, have specific learning disabilities, or are otherwise health impaired children, who by reason thereof require special education and related services); in a public or other nonprofit elementary or secondary school system.

[2] A portion of this loan will be canceled for each completed year of teaching service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year will be canceled for each of the first and second complete academic years of that teaching service,

(B) 20 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each of the third and fourth complete academic years of that teaching service, and

(C) 30 percent of the total principal amount plus interest on the unpaid balance accruing during that year for the fifth complete academic year of that teaching service.

## VIII. Head Start Cancellation

[1] I understand that upon making a properly documented written request to the Institution, I am entitled to have up t 100 percent of the amount of this loan plus the interest thereon canceled if I perform service as a full-time staff member in a Head Start program.

(A) That Head Start program is operated for a period which is comparable to a full school year in the locality, and
(B) My salary is not more than the salary of a comparable employee of the local educational agency.

[2] This loan will be canceled at the rate 15 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each complete school year or equivalent period of service in a Head Start program.

[3] Head Start is a preschool program carried out under the Head Start Act.

## IX. Military Cancellation

[1] I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 50 percent of the principal amount of this loan plus the interest thereon canceled if I serve as a member of the Armed Forces of the United States in an are of hostilities that qualifies for special pay under section 310 of Title 37 of the United States Code.

[2] This loan will be canceled at the rate of 12 1/2 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each complete year of such service.

## X. Volunteer Serviced Cancellation

[1] I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 70 percent of the amount of this loan plus the interest thereon canceled if I perform service--
   (A) As an volunteer under the Peace Corps Act: or
   (B) As a volunteer under the Domestic Volunteer Service Act of 1973(ACTION programs).
[2] This loan will be canceled at the following rates:
   (A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year will be canceled for each of the first and second twelve-month periods of volunteer service completed;
   (B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year will be canceled for each of the third and fourth twelve-month periods of volunteer service completed.

## XI. Law Enforcement or Corrections Officer Cancellation

[1] I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if perform qualifying service after the period for which I received the loan-
   (A) As a full-time law enforcement officer for an eligible local, State, or Federal law enforcement agency; or
   (B) As a full-time corrections officer for an eligible local, State, or Federal corrections agency.
[2] A portion of this loan will be canceled for each completed year of law enforcement or corrections service at the following rates:
   (A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the first and second complete years of that service,
   (B) 20 percent of the total principal amount plus interest on the unpaid balance accruing during that year for each of the third and fourth complete years of that service, and
   (C) 30 percent of the total principal amount plus interest on the unpaid balance accruing during the year for the fifth complete year of that service.

## XII. Death and Disability Cancellation

[1] In the event of my death, the total amount owed on this loan will be canceled.
[2] If I became totally and permanently disabled after I receive this loan, the Institution will cancel the total amount of this loan.

## XIII. Change in Name, Address, Telephone Number, or Social Security Number.

I am responsible, and any endorser is responsible, for informing the Institution of any change or changes in name, address, telephone number, or Social Security number.

### XIV. Late Charge

[1] The Institution will impose a late charge if–
(A) I do not make a scheduled payment when it is due, and
(B) I do not submit to the Institution, on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VI, VII, VIII, IX, X, and XI of this agreement.
[2] No charge may exceed twenty (20) percent of my monthly, bimonthly or quarterly payment.
[3] (A) The Institution may–
(i) Add the late charge to the principal the day after the scheduled repayment was due; or
(ii) Include it with the next scheduled repayment after I have received notice of the late charge.
(B) If the Institution elects to add the late charge to the outstanding principal to the loan, it must so inform me before the due date of the next installment.

### XV. Assignment

[1] This note may be assigned by the Institution only to–
(A) The United States;
(B) Another Institution upon my transfer to that institution if that institution is participating in this program; or
(C) Another institution approved by the Secretary.
[2] The provisions of this note that relate to the Institution shall, where appropriate, relate to an assignee.

### XVI. Prior Loans

I hereby certify that I have listed below all of the Perkins Loans I have obtained at other institutions. (If) no prior loans have been received, state "None.")

**SCHEDULE OF PERKINS LOANS AT OTHER INSTITUTIONS**

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

## XVII. Schedule of Advances

The following amounts were advanced to me under this loan agreement on the dates indicated:

| AMOUNT | DATE | SIGNATURE OF BORROWER |
|---|---|---|
| 924  1 1,145.00 | 1/27/93 | John B. Simmons, Jr |
| 931  2 1,144.00 | 1/27/93 | John B. Simmons, Jr |
| 932  3 946 | 5/14/93 | John B. Simmons, Jr |
| 4 | | |
| 5 | | |

BEST COPY AVAILABLE AT TIME OF IMAGING

**NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT.**

**I UNDERSTAND AND AGREE TO ALL OF THE FOREGOING TERMS AND CONDITIONS.**

[This note is signed as a sealed instrument.]

Signature _John B. Simmons Jr_ [(seal)].
Date _January 27_, 19_93_.
Permanent Address (Street or Box Number, City, State, and Zip Code).

_1506 Melody Ridge ct Conyers Ga 30207_
Social Security Number(borrower must provide) _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_

The borrower and Institution shall execute this note without security and without endorsement unless the borrower is a minor and this note would not, under the law of the State in which the Institution is located, create a binding obligation. If the borrower is a minor and this note would not therefore be legally binding, the Institution shall require a cosigner to this note:

I agree to repay all amounts due on this loan if the borrower fails to do so in accordance with the terms of the note.

Signature of cosigner _____[(seal)].



DEBT-ID N1999040080932
SSN 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  PREV-SSN
NAME   SIMMONS JR,JOHN,B
LOAN TYPE:  P        RATE:  05.00%

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03-61717

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

JOHN B. SIMMONS, JR.

CIV - SEITZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Broward 03-61717cv PAS-TGB

MAGISTRATE
LANDSTRA

**(c)** ATTORNEYS DAVID E. NEWMAN, P.A. 305-665-9633
1533 Sunset Drive, #225
Coral Gables, FL 33143

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | **B SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Mgmt Reporting & Disclosure Act | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | **FEDERAL TAX SUITS** | | A OR B |
| | | B☐ 555 Prison Condition | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | | |
| | | | A☐ 871 IRS — Third Party 26 USC 7609 | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. CFR 682.100(4)(d)

LENGTH OF TRIAL
via 1 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER FRCP 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 9/4/03

SIGNATURE OF ATTORNEY OF RECORD
Amy J. Winarsky (F.B.N. 900140) /s/ Amy Winarsky

FOR OFFICE USE ONLY